action to recover damages for wrongful death, the appeal is from so much of an order on reargument as adhered to the original decision which denied permission to inspect reports made by respondent's employees to it with respect to the accident. Order affirmed, without costs. (*Falco* v. *New York, New Haven & Hartford R. R. Co.,* 161 App. Div. 735; *People ex rel. Lemon* v. *Supreme Ct.,* 245 N. Y. 24; *Ehrlich* v. *New York Cent. R. R. Co.,* 251 App. Div. 721; *Raleigh* v. *City of New York,* 264 App. Div. 776.)   Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■  CCASTAL COMMERCIAL CORPORATION, Appellant, v. CELIA MAKLER, Respondent.— Action to recover a chattel, an automobile mortgaged as security for payment of the debt of another pursuant to a guarantee agreement, in which the mortgagor waived the right to trial by jury. The appeal is from an order denying a motion to strike the cause from the jury calendar.   Order reversed, with $10 costs and disbursements, motion granted, and cause directed to be placed on the preferred nonjury calendar in the position it held prior to the respondent's demand for a jury trial.   The guarantee agreement is operative and controlling.   Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■  WILLIAM DIEMER, Appellant, v. GILBERTE DIEMER, Respondent.— In an action by a husband for a separation and for a judgment restraining his wife from violating an alleged prenuptial agreement that the child of the parties would be raised in the Protestant faith, the wife counterclaimed for a separation and custody of the child.   The judgment dismissed the complaint and the counterclaims, awarded the custody of the child to the wife with rights of visitation to the husband, and directed him to pay $15 a week for the support of the child.   The husband appeals from so much of the judgment as dismissed the complaint, denied him custody of the child and denied his prayer for relief restraining respondent from violating the alleged prenuptial agreement that the child would be raised in appellant's religious faith.   Judgment, insofar as appealed from, affirmed, without costs.   No opinion.   Nolan, P. J., Beldock, Ughetta and Hallinan, JJ., concur; Wenzel, J., dissents and votes to modify the judgment by striking therefrom the first decretal paragraph and by substituting therefor a provision granting a separation to appellant on the ground of cruel and inhuman treatment, with the following memorandum: Appellant is a member of the Protestant faith and respondent is a member of the Roman Catholic faith.   At appellant's insistence respondent agreed to marry appellant in appellant's church and to adhere to the tenets of said church.   On January 22, 1947 the parties were married in appellant's church, a Protestant, interdenominational, self-governing church.   At that time, appellant was about 41 years of age and respondent was either 36 or 40 years of age.   No agreement was ever made that a marriage ceremony would subsequently be performed according to the rites of the Roman Catholic church. For some time after the marriage, respondent attended appellant's church but thereafter resumed attendance at a Roman Catholic church.   A daughter was born on March 5, 1950.   Respondent instructed the child in the Roman Catholic faith and attended a Roman Catholic church with the child.   She refused to cease attending the Roman Catholic church with the child and refused to allow the child to be brought to the Sunday school of appellant's church.   In February or March of 1954 respondent refused to have any further sexual intercourse with appellant until he consented to a marriage ceremony according to the rites of her church.   He refused to consent.   Respondent testified that appellant was a good father, a good provider and a very good husband except for the religious question, that, with the exception of the religious differences